[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3951
The defendant, Triangulum Associates (Triangulum), has filed a motion for summary judgment against the defendant, DeZinno Associates, Inc. (DeZinno). As alleged in the cross complaint, DeZinno agreed to lease a commercial property from Triangulum by written lease dated July 3, 1992. That lease was in effect on September 15, 1992, when the plaintiff struck his head on a door frame in the leased premises and sustained injuries. The plaintiff and his wife subsequently filed suit for negligence against all the defendants. Triangulum, by its cross complaint, seeks an order that DeZinno indemnify and pay fees for Triangulum, DeZinno's landlord, based on section 7.02 of the lease.
Section 7.02 states in relevant part:
 "Indemnification of Landlord. Tenant shall indemnify Landlord and save it harmless from and against any and all claims, actions, damages, liability and expense in connection with . . . personal injury . . . to property arising from or out of any occurrence in, upon or at the eased premises or the occupancy or use by Tenant of the leased premises or any party thereof, or occasioned wholly or in part by any act or omission of Tenant . . . ."
In response to Triangulum's Request for Admissions, DeZinno admitted that the attached lease was a true and accurate copy, and admitted that the plaintiff was injured on the premises leased by DeZinno. On August 17, 1995, Triangulum moved for summary judgment on its cross complaint against DeZinno. The court granted that motion on October 24, 1995, with the notation "Lease clear — no opposition memorandum." Two days later, the order was revised to read "Lease clear — no opposition affidavit."
DeZinno moved on November 13, 1995, to reargue Triangulum's motion for summary judgment with an amended motion to reargue filed on December 1, 1995. The grounds for reargument were the existence of issues of fact and that the affidavit noted in the order of October 26, 1995 was "not essential to defeat [Triangulum's] . . . motion." Attached to the amended motion were a copy of the lease and an affidavit from the president of DeZinno Associates, Inc. The affidavit repeated some of the prior admissions and lease provisions and asserts an opinion of the contracting parties' intent at the time of signing. CT Page 3952
"Summary judgment" shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" HomeIns. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, quoting Sec. 384 of the Practice Book. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court" as support for a motion for summary judgment. (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., supra. "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 579.
DeZinno asserts in both its objection and motion for reargument that there is a genuine issue of material fact regarding the interpretation of the lease terms and the existence of a typographical error affecting the interpretation. DeZinno's assertions in the pleadings are unsupported by any factual evidence (i.e., affidavits, depositions, or other material) and are insufficient to prove the existence of a genuine issue of material fact. The only material submitted with DeZinno's objection and motion was a copy of the lease and an affidavit. Neither sets forth facts contradicting Triangulum's motion and neither contains evidence supporting the existence of a typographical error.
Further, language of the lease clearly and unambiguously requires DeZinno to indemnify Triangulum and does not leave any room for construction or enlargement. Thus, there is no question of fact regarding contractual intent. See Water Way Propertiesv. Colt's Manufacturing Co., 230 Conn. 660, 667, (finding issue of contractual intent to be question of law where language "clear and unambiguous" and where "plain meaning and intent of language is clear"). Words do not become ambiguous simply because lawyers CT Page 3953 or laymen contend for different meanings.
The motion to reargue is granted. The relief requested is denied. The motion for summary judgment is granted.
Moraghan, J.